**Samoeun CHHUON, Petitioner— Appellant,**

v.

**Alberto GONZALES, Attorney General; Michael Chertoff, Secretary of Homeland Security, Respondents—Appellees.**

No. 04–15843.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2005.

Decided Oct. 6, 2005.

Bernadette W. Connolly, Esq., Law Offices of Bernadette W. Connolly, San Jose, CA, for Petitioner–Appellant.

Sara Winslow, Esq., USSF—Office of the U.S. Attorney, San Francisco, CA, for Respondents–Appellees.

Before THOMAS, GRABER, and PAEZ, Circuit Judges.

### MEMORANDUM *

Samoeun Chhuon appeals the district court's denial of his petition for habeas corpus, which Chhuon filed after the Board of Immigration Appeals ("BIA") denied his application for withholding of removal under 8 U.S.C. § 1231(b)(3) and the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1291, and we reverse with instructions to remand this case for further proceedings. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

■ The BIA erred in holding that Chhuon had not suffered past persecution on account of a membership in a social group, to wit, his family. *See Thomas v. Gonzales*, 409 F.3d 1177, 1189 (9th Cir.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3. Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, and Michael Chertoff is substituted for his predecessor, Tom Ridge, as the Secretary of Homeland Security, pursuant to Fed. R.App. P. 43(c)(2).

2005) (en banc). The BIA inappropriately minimized Chhuon's childhood experiences in a Khmer Rouge labor camp, justifying the finding of no past persecution by stating that Chhuon "was an infant at the time, was not harmed, and does not have any recollection of the events." The fact that Chhuon does not recall childhood events does not diminish the viability of his claims. The record is undisputed that Chhuon was forcibly placed in a concentration camp, along with his family, when his father surrendered to the Khmer Rouge. His father was beaten and tortured. The family spent four years in the concentration camp under harsh conditions.

■ Because Chhuon suffered persecution on account of his family membership, he is entitled to a rebuttable presumption that his life or freedom would be threatened in the future. *See* 8 C.F.R. § 208.16(b)(1)(i); *Baballah v. Ashcroft,* 367 F.3d 1067, 1079 (9th Cir.2004). Because the BIA did not apply the presumption in analyzing his case, we must reverse the judgment of the district court with instructions to remand the case to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura,* 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). Given this resolution, we need not reach other issues urged by the parties, but remand all issues raised in the appeal to the BIA for its reconsideration.

REVERSED WITH INSTRUCTIONS.